UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR SIX FACEBOOK ACCOUNTS SERVICED BY META PLATFORMS, INC. | ML No. 22-ml-759 |

*Reference:*   DOJ Ref. # CRM-182-79979; Subject Accounts:
https://www.facebook.com/SLCKIBER
https://www.facebook.com/groups/1177200998999412
https://www.facebook.com/SlimLineClubOfficial
https://www.facebook.com/slimlineblazevska.1
https://www.facebook.com/slimlineclubkapsuliza_slabeenje/
https://www.facebook.com/slimline.mk58

**APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Council of Europe, Convention on Cybercrime, opened for signature Nov. 23, 2001, T.I.A.S. 13174, C.E.T.S. 185 (entered into force for the United States Jan. 1, 2007) (hereinafter, the "Convention"), to execute a request from the Republic of North Macedonia ("North Macedonia"). The proposed Order would require Meta Platforms, Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Menlo Park, California, to disclose certain records and other information pertaining to the PROVIDER accounts associated with https://www.facebook.com/SLCKIBER,

https://www.facebook.com/groups/1177200998999412,

https://www.facebook.com/SlimLineClubOfficial,

https://www.facebook.com/slimlineblazevska.1,

https://www.facebook.com/slimlineclubkapsuliza_slabeenje/, and

https://www.facebook.com/slimline.mk58, as set forth in Part I of Attachment A to the proposed

Order, within ten days of receipt of the Order.  The records and other information to be disclosed

are described in Part II of Attachment A to the proposed Order.  In support of this application,

the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).  Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute North Macedonia's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in North Macedonia in connection with a criminal investigation and/or prosecution.

4.         A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.         Authorities in North Macedonia are investigating SLI for producing harmful products offenses, which occurred in 2019, in violation of the criminal law of North Macedonia, specifically, Article 213 of the North Macedonian Criminal Code. A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from North Macedonia to provide the requested records to assist in the

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

criminal investigation and/or prosecution. Under the Convention, the United States is obligated to render assistance in response to the request.

6. According to authorities in North Macedonia, the Food and Veterinary Agency of North Macedonia ("FVA") initiated an investigation into SLI based on the suspicion that the company was illegally selling and distributing weight loss capsules through Facebook. At the end of 2019, FVA conducted an inspection of SLI and determined the organization was selling a weight loss drug called "SLC Advance" using Facebook. During the inspection, FVA discovered SLI was using six Facebook accounts to sell SLC Advance. The FVA identified the following accounts:

> https://www.facebook.com/SLCKIBER;
> https://www.facebook.com/groups/1177200998999412;
> https://www.facebook.com/SlimLineClubOfficial;
> https://www.facebook.com/slimlineblazevska.1;
> https://www.facebook.com/slimlineclubkapsuliza_slabeenje/; and
> https://www.facebook.com/slimline.mk58.

7. FVA determined that SLC Advance contains sibutramine. According to FVA, sibutramine is prohibited in the U.S. and EU because it has harmful effects including an increase in the pulse rate and blood pressure, along with significantly increasing the risk for a heart attack and brain seizure.[2]

8. North Macedonian authorities are seeking non-content records from PROVIDER to further establish SLI's ties to the Facebook accounts distributing SLC Advance.

---

[2] "The U.S. Food and Drug Administration (FDA) is recommending against continued prescribing and use of Meridia (sibutramine) because this drug may pose unnecessary cardiovascular risks to patients. FDA has requested that Abbot Laboratories-the manufacturer of Meridia voluntarily withdraw this drug product from the United States market. Abbot has agreed to voluntarily stop marketing Meridia in the United States." FDA.gov, October 8, 2010, *FDA Drug Safety Communication: FDA recommends Against the Continued Use of Meridia (sibutramine)*, https://www.fda.gov/drugs/drug-safety-and-availability/fda-drug-safety-communication-fda-recommends-against-continued-use-meridia-sibutramine (last visited June 29, 2022).

**REQUEST FOR ORDER**

9. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in North Macedonia to strengthen the connection between the business and individuals responsible for the criminal activity under investigation. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: *Tracy M. Johnson*
Tracy M. Johnson
Trial Attorney
WI Bar Number 1023069
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 300
Washington, D.C.  20530
(202) 616-1487 telephone
(202) 514-0080 facsimile
Tracy.Johnson2@usdoj.gov

**Relevant Provision of the North Macedonian Criminal Code**

Article 213.  Production and release for trade of harmful food and other products
1. A person who produces for selling, sells or in other way release for trade harmful food products, or drinks, or products for personal hygiene, care or other harmful products, thus creating danger to life and health of the people, shall be punished with imprisonment of three months to three years.
2. If the crime from paragraph 1 was committed out of negligence, the offender shall be punished with a fine or with imprisonment of up to six months.
3. If the crime stipulated in the paragraph 1 is performed by a legal entity, it shall be sentenced with a fine.
4. The harmful food and other products shall be confiscated.